[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13332
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00420-TJC-PDB

COREY BOONE,

Plaintiff-Appellant,

versus

DR. D. GAXIOLA,
K. DAVIS,
S.R.N.,
C. KNIGHT,
S.R.N.,
P. W. PAIGE,
R.N.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 4, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Corey Boone, a Florida state prisoner proceeding pro se, appeals from the district court's dismissal, in part, and grant of summary judgment, in part, in favor of: (1) Dr. D. Gaxiola; (2) Nurse C. Knight; (3) Nurse K. Davis; and (4) Nurse P.W. Paige ("defendants") in his civil rights suit, brought under 42 U.S.C. §1983. Boone's complaint alleged that the defendants violated his Eighth and Fourteenth Amendment rights by acting deliberately indifferent to his appendicitis, which he ended up having surgery to remove.  The district court dismissed Boone's Fourteenth Amendment claim, and granted summary judgment in favor of the defendants on his Eighth Amendment claim because no evidence suggested that the defendants acted with deliberate indifference to Boone's appendicitis, before or after surgery.  The district court also determined that the defendants were shielded by qualified immunity.  On appeal, Boone argues that summary judgment was inappropriate because he provided enough facts to create a triable issue of material fact as to whether the treatment he received constituted a deliberate indifference of a serious medical need.  After careful review, we affirm.

We review the district court's grant or denial of summary judgment de novo. Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  In doing so, we draw all inferences and review all of the evidence in the light most favorable to the non-moving party.  Id.  "[I]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," then

2

summary judgment is appropriate.  Id. (quotation omitted).  Genuine issues of material fact are those in which the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Ellis v. England, 432 F.3d 1321, 1325-26 (11th Cir. 2005).  For factual issues to be considered genuine, they must have a real basis in the record.  Id. at 1326.  "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  Id. Credibility determinations are impermissible when the district court reviews a motion for summary judgment.  Moorman v. Unum Provident Corp., 464 F.3d 1260, 1266 n.1 (11th Cir. 2006).

A claimant is entitled to relief under § 1983 if he can prove that a person acting under color of state law committed an act that deprived him of some right protected by the Constitution or laws of the United States.  42 U.S.C. § 1983.  The Eighth Amendment forbids "cruel and unusual punishments."  U.S. Const. amend. VIII.  The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  A plaintiff must show that he had an objectively serious medical need, that the defendants' were deliberately indifferent to that need, and that there was a causal

3

link between that indifference and the plaintiff's injury.  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow, 320 F.3d at 1243 (quotation omitted).  In either situation, the need must be "one that, if left unattended, poses a substantial risk of serious harm."  Id. (quotations and alteration omitted).

To show that a defendant acted with deliberate indifference, the defendant must (1) have subjective knowledge of a risk of serious harm, (2) disregard the risk, and (3) display conduct beyond mere negligence.  Id. at 1245.  Conduct that is more than mere negligence includes, inter alia, grossly inadequate care or a decision to take an easier but less efficacious course of treatment.  McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  Even when treatment is ultimately provided, deliberate indifference may occur by delaying treatment, though the reason for the delay is relevant in determining whether there has been unconstitutional conduct.  Id.

In the prison context, we must "distinguish between evidence of disputed facts and disputed matters of professional judgment."  Beard v. Banks, 548 U.S. 521, 530 (2006).  "Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at

4

the summary judgment stage." Id.  A medical decision not to pursue a particular course of diagnosis or treatment is a classic example of a matter for medical judgment, an exercise of which does not represent cruel and unusual punishment. See Estelle, 429 U.S. at 107-08.  Moreover, "[w]here a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. Dekalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

Qualified immunity shields government officials, when performing discretionary functions, from civil suits in their individual capacities. Andujar v. Rodriguez, 486 F.3d 1199, 1202 (11th Cir. 2007).  This protection attaches unless the officials' conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

As an initial matter, Boone has abandoned critical argument to his appeal.  It is true that pro se pleadings are held to less stringent standards than those drafted by lawyers, and thus, are liberally construed by us. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  Nevertheless, an appellant must clearly and

specifically identify in his brief any issue he wants the appellate court to address, otherwise it will be deemed abandoned. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). Abandonment applies to pro se litigants as well. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Furthermore, when a district court judgment is based upon multiple, independent grounds, an appellant must convince the appellate court that each enumerated ground for the judgment against him is incorrect. Sapuppo, 739 F.3d at 680. In Sapuppo, we considered the propriety of a dismissal of a class action suit. Id. at 679. The district court dismissed it for failing to state a claim, and identified multiple alternative grounds leading to that conclusion. Id. On appeal, the plaintiffs challenged two of the grounds relied on, but did not mention others. Id. at 680. We noted this inadequacy and affirmed the district court's dismissal because of it, based on the application of several legal principles. Id. at 680-83.

Here, Boone has not raised any arguments concerning the district court's dismissal of his Fourteenth Amendment claim or its ruling that summary judgment was warranted based on the defendants' qualified immunity. Accordingly, we are constrained to conclude that these arguments are abandoned, and we affirm the district court's decision in full on this ground. Timson, 518 F.3d at 874; Sapuppo, 739 F.3d at 680.

But even if Boone were implicitly challenging the immunity ruling, we would affirm the district court's decision granting summary judgment in favor of the defendants. As for Boone's pre-surgery care, the undisputed facts show that the defendants provided medical evaluation and treatment to Boone each of the days leading up to him being sent to an outside hospital for surgery. While Boone disagrees with the adequacy of the treatment he received, a medical decision not to pursue a particular course of diagnosis or treatment is a classic example of a matter for medical judgment, an exercise of which does not represent cruel and unusual punishment. See Estelle, 429 U.S. at 107-08. Moreover, federal courts generally are reluctant to second guess medical judgments. Hamm, 774 F. 2d at 1575. The undisputed facts also demonstrate that Boone did not have the typical symptoms of an individual suffering from appendicitis -- for example, his temperature was not elevated and his pain varied from day to day -- and that Boone was outside the customary age range for appendicitis. Thus, the district court did not err in granting summary judgment on the claim concerning Boone's pre-surgery care.

As for Boone's post-surgery care, the undisputed facts reveal that Boone recovered well from the surgery, a special diet was determined to be not continually necessary, he completed several inmate requests and received responses to the requests, and he received various additional accommodations after his surgery. Accordingly, there is no dispute of fact concerning whether the

defendants were deliberately indifferent to a serious medical need concerning Boone's post-surgery care. Because there was no evidence to create a genuine issue of material fact as to whether the defendants violated Boone's Eighth Amendment rights, they were also entitled to qualified immunity.

Finally, as for Boone's argument that the district court improperly assessed credibility and weighed evidence instead of simply determining whether a genuine factual issue existed, we are unpersuaded. The record reveals that the district court viewed the evidence before it and correctly determined that Boone did not create a triable issue of fact. We affirm the district court's grant of summary judgment.

**AFFIRMED**.